IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Phyllis Tate and R.F., | ) | C/A No.: 3:16-2714-MBS-SVH |
|                Plaintiffs, | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| State; Department of Social Services; and Richland County Sheriff Department, | ) | |
|                Defendants. | ) | |

Phyllis Tate ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against the State of South Carolina, the South Carolina Department of Social Services ("SCDSS"), and Richland County Sheriff's Department ("RCSD") alleging a violation of her and her minor daughter's constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff filed this complaint on behalf of herself and her 14-year-old daughter, R.F., alleging SCDSS and RCSD improperly removed R.F. from Plaintiff's home. [ECF No. 1-1 at 4–6]. Specifically, Plaintiff states that on August 10, 2014, she and R.F. argued and R.F. packed a bag and sat on the porch steps. *Id.* Plaintiff alleges an officer appeared

at her door and told her she could not throw her daughter out. *Id.* Plaintiff alleges she informed the officer she had not asked her daughter to leave and R.F. returned inside the house. *Id.* Plaintiff claims she and R.F. began arguing again and the officer escorted R.F. to her room, where R.F. told the officer she was going to kill herself. *Id.* The officer then took R.F. to the emergency room. *Id.* at 22. Plaintiff alleges the officer later called her and asked her to pick up R.F. from the hospital, but that Plaintiff informed the officer she could not due to health issues. *Id.* at 4–5, 22. Plaintiff alleges she then called her other daughter, R.F.'s sister, and asked her to pick up R.F. *Id.* at 5. Plaintiff claims the police report is unfounded and argues DSS is trying to find a reason to retain custody of R.F. *Id.* at 5–6. Plaintiff seeks monetary damages. [ECF No. 1 at 5].

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

2

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

As an initial matter, Plaintiff cannot proceed pro se on behalf of R.F. Plaintiff does not allege she is an attorney who is licensed to practice in South Carolina, and while she has the authority to litigate her own claims pro se, *see* 28 U.S.C. § 1654, she does not have the authority to litigate on another's behalf. *See Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) ("[N]on-attorney parents generally may not litigate the claims of their minor children in federal court."); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.").

Plaintiff alleges the State of South Carolina, SCDSS, and RCSD violated her

3

constitutional rights when these defendants unlawfully took emergency custody of R.F. SCDSS and RCSD are not "persons" amenable to suit under § 1983, as they are agencies of the state. Additionally, to the extent that Plaintiff seeks damages against any defendant, such damages claims are barred in this court because of Eleventh Amendment immunity. "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact. . . ." *Virginia Office for Prot. & Advocacy v. Stewart,* 563 U.S. 247, 253 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citations omitted). The Supreme Court has construed the Eleventh Amendment "'to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Lee-Thomas v. Prince George's Cnty. Pub. Sch.,* 666 F.3 244, 248 (4th Cir. 2012) (citation omitted). A state must expressly consent to suit in a federal district court, and South Carolina has not consented. *See* S.C. Code Ann. § 15-78-20(e) (1976) (expressly providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

Because SCDSS is an arm of South Carolina, it has Eleventh Amendment immunity from being sued in federal court. *See Coffin v. S.C. Dep't Soc. Serv.,* 562 F.Supp. 579, 584 (D.S.C.1983). RCSD is also entitled to Eleventh Amendment Immunity. Sheriffs' departments in South Carolina have repeatedly been held to be

4

exempt from § 1983 liability, as they are considered state agencies. *See, e.g., Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) ("It is well established in this state that a sheriff's office is an agency of, and a sheriff 'dominated by,' the state, such that a suit against the sheriff in his official capacity is a suit against the State."); *see also Wirtz v. Oconee Cnty. Sheriff's Dep't*, No. 8:13-1041-RMG, 2013 WL 5372795, at * 1 (D.S.C. Sept. 24, 2013) ("Under South Carolina law, a sheriff's department is a state agency, not a department under the control of the county. . . . Therefore Plaintiff's § 1983 claim for . . . damages against the Sheriff's Department must be dismissed."). As such, § 1983 claims asserted against sheriffs' departments are barred by the Eleventh Amendment. *See Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 n.8 (4th Cir. 2005) ("Eleventh Amendment immunity extends to state agencies and other governmental entities that can be viewed as 'arm[s] of the State.'" (citation omitted)). Accordingly, the undersigned recommends Plaintiff's claims against the state of South Carolina, SCDSS, and RCSD be summarily dismissed.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

August 12, 2016                                    Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).